IN RE ESTATE OF EDWIN G. SPIETH, DECEASED.
DOROTHY G. CAPRETTE, APPELLANT, V. EDWIN F. SPIETH,
EXECUTOR OF THE ESTATE OF EDWIN G. SPIETH, DECEASED,
APPELLEE.
146 N. W. 2d 746

Filed November 25, 1966. No. 36320.

O. A. Drake, for appellant.

Munro, Parker & Munro, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and HASTINGS, District Judge.

SPENCER, J.

This action involves the validity of an antenuptial contract and its effectiveness to bar an election and an application for allowances. The trial court held against the surviving widow, and she has perfected an appeal to this court.

Dorothy Crook, hereinafter referred to as appellant,

married Edwin G. Spieth, hereinafter referred to as Spieth, on February 11, 1960. At that time she was 58 years of age and employed as a secretary to the head of the mortgage department of a savings and loan association. She had previously been employed as a legal secretary. Spieth at the time of the marriage was 80 years of age.

Previous to the marriage the parties executed an antenuptial contract which among other things contained the following stipulations: "WHEREAS, the parties desire that all property now owned or hereafter acquired by each of them shall, for all purposes in this Agreement set forth, be free of any claim of the other, which may arise by reason of their contemplated marriage, except as expressly provided in Paragraph VI hereof; and

"WHEREAS, each party is represented by separate counsel and each has been separately advised by such counsel prior to entering into this Agreement; * * *

"Each party hereby waives, surrenders and releases all rights of inheritance of every kind and nature whatsoever in or to the property of the other party, including all rights given by any statute relating to inheritance of property, descent and distribution, intestate estates and right of election to take under statute and not under Will, whether now in effect or whenever enacted and as any statute is now construed or may hereafter be construed by any court. * * *

"Each party does by this Agreement quit-claim, renounce and convey to the other party all right, title or interest in the property of the other party which he or she may appear at any time to have; and each agrees, at the request of the other to execute any conveyance or to join in any conveyance of real estate or other property owned by the other party, which may be necessary or advisable in order for the other party to make a conveyance of his or her own property, or to execute any instrument which may be necessary or advisable to carry

into effect the intentions and provisions of this Agreement."

Attached to and made a part of the agreement is exhibit "A" which is a detailed description of the property of Spieth, and while the value of the real estate is not set out in the exhibit, the real estate is sufficiently described to indicate its extent and to make the ascertainment of the actual value a simple matter. The agreement specifically waived any showing of value other than set out therein.

Exhibit "B" attached to and made a part of the agreement is a list of the property of appellant which she claims was not attached at the time the agreement was signed but was subsequently added to the agreement by her. Exhibit "B" described only a portion of her property and omitted substantial annuities held by her.

Paragraph IV of the agreement specifically provided for the release of all rights of homestead, but provided that Spieth would execute a will devising any residence owned and occupied by the parties to appellant at his death. The parties were living in a rented apartment at the time of the death of Spieth. However, less than 4 months after the marriage Spieth bought a residence property in Kearney, Nebraska, title to which was taken in his name and appellant's name. Subsequently, a deed was executed by and to the parties in consideration of "LOVE AND AFFECTION AND ANTENUPTIAL AGREEMENT," creating a joint tenancy with rights of survivorship. The title to this property was so held at the time of Spieth's death.

The record indicates that subsequent to the marriage, appellant took over some of the bookkeeping activities on Spieth's properties and helped in the management of said properties.

Appellant alleged that the antenuptial contract was invalid on several grounds, including misrepresentation, insufficient disclosure, improper execution, and failure of performance of an executory feature of the contract.

In a 20-page brief replete with conclusions, appellant devotes only 2 pages to argument and confines that argument to the issue of misrepresentation.

Appellant admits the execution of the contract. It contains a stipulation that each party was represented by separate counsel, and that each had been separately advised by such counsel prior to entering into the agreement. Suffice it to say that on the record if there was any overreaching it was not on the part of Spieth. We hold that appellant is estopped to take advantage of her failure to fully describe her own property if that is her contention to establish insufficient disclosure. Appellant appears to be a competent, active businesswoman who had legal advice, and on the record herein must be held to be chargeable with knowledge of the extent and value of the Spieth property. It would strain credulity to hold she was ignorant of all the legal implications of the contract.

A man or woman may bar his or her right to inherit part or all of the lands of his or her husband or wife by a contract made in lieu thereof before marriage. Such contract shall be in writing signed by both of the parties to such marriage and acknowledged in the manner required by law for the conveyance of real estate, or executed in conformity with the laws of the place where made. See § 30-106, R. R. S. 1943. The contract was executed in full compliance with this statute.

Antenuptial contracts should be construed according to the intentions of the parties and the conditions and circumstances attending their execution. Tiernan v. Tiernan, 107 Neb. 563, 186 N. W. 369.

Appellant urges that the burden is upon the representative of her deceased husband to show that the antenuptial contract, apparently unjust to her, was fairly procured. Assuming appellant's premise that the contract is unjust and that she did not realize the value of the Spieth real estate because the contract did not set

out its value, appellant is entitled to no relief. The rule in Nebraska is that when each party to a legally executed antenuptial contract is chargeable with knowledge of the extent and value of the other's property, a disproportionate allowance for the prospective wife does not shift the burden of proof to the husband or his representatives to sustain the contract. Kingsley v. Noble, 129 Neb. 808, 263 N. W. 222. Appellant has wholly failed to meet her burden.

Appellant did not argue her assignment of error that an executory feature of the contract was not performed. This contention refers to the provision for the execution of a will devising any residence owned and occupied by the parties to appellant at Spieth's death. We note that the parties were living in a rented apartment at the time of Spieth's death. Further, shortly after the marriage Spieth purchased a residence in Kearney which was occupied by the parties and which was so held that appellant became the sole owner of the property at Spieth's death. The conveyance which accomplished this purpose specifically refers to the antenuptial contract in the consideration and was obviously an attempt to provide a home for appellant. There is no merit to this assignment of error.

While the appellant did not enumerate or argue her position on the refusal of the trial court to grant her request for allowances, we assume it is based on a misinterpretation of the holding in In re Estate of Maag, 119 Neb. 237, 228 N. W. 537. It should be noted that the contract in that case was held to be invalid and unenforceable.

The applicable section of the statute on family allowances is section 30-103, R. R. S. 1943, which provides in part: "* * * the surviving spouse and children, if there be children, constituting the family of the deceased, shall have such reasonable allowance out of the personal estate, or out of the income of the real estate, as the county court shall judge necessary for their main-

tenance during the progress of the settlement of the estate, according to their circumstances, which shall not be longer than one year after granting administration, nor for any time after the personal estate shall be assigned to the surviving husband or wife; * * *."

We determine that paragraph III of the antenuptial contract specifically waived any allowances herein. We further hold that a widow may, by the provisions of an antenuptial contract, waive her right to allowances from the estate of her husband even though the contract may not in express terms mention such right.

For the reasons given, the judgment herein is affirmed.

AFFIRMED.